IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JARROD DEMAR MANSKER,<br><br>Defendant. | Case No. 23-CR-342-JFH |

## OPINION AND ORDER

Before the Court is an objection to notice of intent to introduce testimony pursuant to Rule 16(a)(1)(G) of the Federal Criminal Rules [sic] of Procedure ("Objection") filed by Defendant Jarrod Demar Mansker ("Defendant"). Dkt. No. 20. Defendant objects to notice given by the United States of America ("Government") that it intends to call Lori Aery Gonzalez, LPC ("Ms. Gonzalez"), to provide expert testimony at trial. *See* Dkt. No. 18. For the reasons stated, Defendant's Objection is OVERRULED.

## BACKGROUND

Defendant is charged by indictment with one count of assault of an intimate/dating partner by strangling and attempting to strangle in Indian country. Dkt. No. 13. The original complaint in the case describes the charged conduct as a domestic violence event. Dkt. No. 1 at 3.

The Government filed notice pursuant to Federal Rule of Criminal Procedure 16 that it intends to call Ms. Gonzalez at trial "as an expert in domestic violence, particularly in situations where victims of domestic violence stay with their abusers." Dkt. No. 18-1 at 1. It states Ms. Gonzalez has been employed at Domestic Violence Intervention Services since 2002, has a bachelor of science degree in psychology and a master of science degree in counseling psychology, and has acquired more than 1,000 hours of training in domestic violence. *Id.* at 1-2. According to

the Government's notice, Ms. Gonzalez has testified as an expert witness in nine trials in the past four years, including three trials in this District—two of which were before the undersigned. *See United States v. Campus*, 22-CR-064-JFH; *United States v. Wood*, 21-CR-484-JFH.

The Government anticipates Ms. Gonzalez will testify as a "blind" witness with no knowledge of the specific case and will provide general expert opinions "to explain issues relevant to this case and disabuse jurors of common myths and misconceptions concerning domestic violence," such as: staying with an abuser in a domestic violence relationship; trauma bonding; children exposed to violence between adults in the house; victim reluctance to fight back or contact police; the cycle of violence and a victim's use of violence; and the Power and Control Wheel. Dkt. No. 18-1 at 2-5. Defendant challenges the methodology, reliability, and relevance of Ms. Gonzalez's testimony. Dkt. No. 20 at 2.

## AUTHORITY AND ANALYSIS

"[T]he distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." Fed. R. Evid. 701 Adv. Comm. Notes (2000 Am.). Admissibility of expert witness testimony is evaluated under Federal Rule of Evidence 702, which permits a qualified expert witness to testify and render an opinion when:

> The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> The testimony is based on sufficient facts or data;
>
> The testimony is the product of reliable principles and methods; and
>
> The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  The "touchstone" of admissibility of expert testimony is its helpfulness to the trier of fact.  *See Wilson v. Muckala*, 303 F.3d 1207, 1219 (10th Cir. 2002).  "As the Advisory Committee to the 2000 amendments to Rule 702 noted with apparent approval, . . . 'rejection of expert testimony is the exception rather than the rule.'"  *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1083 (D. Colo. 2006).  "A court sitting as a gatekeeper is not meant to usurp the role played by the jury in weighing expert testimony."  *Stratton v. Thompson/Ctr. Arms, Inc.*, 601 F. Supp. 3d 1139, 1150 (D. Utah 2022).

"When an objection to an expert's testimony is raised, the court must perform *Daubert* gatekeeper duties before the jury is permitted to hear the evidence."  *Bright v. Ohio Nat'l Life Assur. Corp.*, 11-CV-475, 2013 WL 12327512, at *1 (N.D. Okla. Jan. 9, 2013) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 149 (1999)).  "First, the Court determines whether the expert is qualified by knowledge, skill, experience, training or education to render the opinion."  *Lippe v. Howard*. 287 F. Supp. 3d 1271, 1277-78 (W.D. Okla. 2018).  "If so qualified, the Court must then determine whether the expert's opinion is reliable and relevant under the principles set forth in *Daubert* and *Kumho Tire*, in that it will assist the trier of fact." *Id.* at 1278.

Defendant does not challenge Ms. Gonzalez's credentials.  Dkt. No. 20.  The Court has previously found that Ms. Gonzalez's credentials were sufficient for her to testify as an expert in domestic violence.  *United States v. Wood*, Case No. 21-CR-484-JFH, Dkt. No. 57 at 4 (N.D. Okla. Dec. 20, 2021).  Nothing in the record prompts the Court to reevaluate that conclusion.  Ms. Gonzalez is qualified to render opinions on domestic violence.  The Court thus turns to the reliability and relevance of her anticipated opinions.

To determine whether expert evidence is reliable, the Court must focus on "principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. The Tenth Circuit has cited four factors that district courts should apply to make a reliability determination:

> (1) Whether a theory has been or can be tested or falsified; (2) whether the theory or technique has been subject to peer review and publication; (3) whether there are known potential rates of error with regard to specific techniques; and (4) whether the theory or approach has "general acceptance."

*Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1233 (10th Cir. 2005) (quoting *Daubert*, 509 U.S. at 593-94). However, *Daubert* recognizes that these factors are not a "definitive checklist." 509 U.S. at 593; *Kumho Tire Co.*, 526 U.S. at 150-51. Defendant claims the Government's notice related to Ms. Gonzalez "fails to identify the methodology she utilizes to reach her conclusions" and "further fails to satisfy the *Daubert* factors, such as peer review, known error rate, and general acceptance within the scientific community." Dkt. No. 20 at 2.

A trial judge has "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire Co.*, 526 U.S. at 152. "[P]ersonal experience, training, method of observation, and deductive reasoning" can be "sufficiently reliable to constitute 'scientifically valid' methodology." *Bitler*, 400 F.3d at 1235. An expert witness testifying based on her expertise and experiences in a field must explain how that "experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *United States v. Medina-Copete*, 757 F.3d 1092, 1104 (10th Cir. 2014). Additionally, acceptance by another court of a methodology is relevant in determining whether expert testimony is reliable. *See Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 780 (10th Cir. 2009).

In a previous case, the Court found that Ms. Gonzalez's approximately 20 years of experience as a domestic violence counsel and sexual assault program manager, as well as her

relevant training and diverse training credentials, was a satisfactory basis to conclude that her acquired knowledge would be reliable. *Wood*, Case No. 21-CR-484-JFH, Dkt. No. 57 at 6. Again, nothing in the record prompts the Court to reach a different conclusion under the facts of this case. So long as Ms. Gonzalez explains how the experience noted above is a basis for her opinions and how she applied her experience to the facts she discusses, her methodology and reliability are sufficient to satisfy *Daubert*.

Defendant's final objection to Ms. Gonzalez's anticipated testimony is that her opinion regarding "children exposed to violence between adults in the house" is not relevant to the case because there is no allegation that children were present during the alleged altercation. Dkt. No. 20 at 2. But as the Government states in its notice, Ms. Gonzalez will testify as a blind witness unfamiliar with the facts of the case and will instead present general information about domestic violence. As the Court has previously noted, "[d]omestic abuse is an esoteric subject matter" and "[m]ost jurors are unfamiliar with matters of domestic violence and behavior of victims." *Wood*, Case No. 21-CR-484-JFH, Dkt. No. 57 at 4. Ms. Gonzalez may testify in a general and not belaboring way about the effects of domestic violence on bystanders or household members, including children. Defendant may, of course, raise relevance objections to this testimony during trial if he believes the line of questioning is going beyond such generalities.

## CONCLUSION

IT IS THEREFORE ORDERED that the objection [Dkt. No. 20] is OVERRULED. Ms. Gonzalez's testimony is ADMISSIBLE.

Dated this 28th day of November 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE